411 So.2d 654 (1982)
Robert E. COCHRAN
v.
Louis J. CROSBY, Jr.
No. 5-187.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
*655 Baldwin & Haspel, William E. Wright, Jr., New Orleans, for plaintiff-appellee.
Hall, Lentini, Mouledoux & Wimberly, Stephen T. Wimberly, Metairie, for defendant-appellant.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
CHEHARDY, Judge.
Defendant, Louis J. Crosby, Jr., appeals a district court decision in favor of plaintiff, Robert E. Cochran, and against the defendant, issuing a preliminary injunction prohibiting Crosby from participating in a business which is directly or indirectly competing with Robert E. Cochran and/or S.I.S., Inc., doing business as Southern Insurance Service, in the business of insurance underwriting. The plaintiff has answered the appeal asking for attorney fees for prosecution of the case in the trial court and on appeal.
In August of 1980, Crosby and Cochran entered into an agreement as part of the sale of the defendant's business to the plaintiff, restricting the defendant from competing with the plaintiff in the business of insurance underwriting for a period of two years. A later letter of release from the agreement, to a limited extent, was then issued by Cochran. Cochran, however, filed this suit contending that the restrictive agreement between the parties had been violated by Crosby and requesting that a preliminary injunction be issued against the defendant.
A review of the record reveals that no security was furnished by the plaintiff in the district court. LSA-C.C.P. art. 3610 states that a temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed by the court, except where security is dispensed with by law. This court knows of no law dispensing with security under the facts of this case. Accordingly, the preliminary injunction here complained of is invalid because it was issued without bond. Lenfants Caterers v. Firemen's Charitable, 386 So.2d 1053 (La. App. 4th Cir. 1980); Montelepre, Inc. v. Pfister, 355 So.2d 654 (La.App. 4th Cir. 1978). In Jackson v. Town of Logansport, 322 So.2d 281 (La.App. 2d Cir. 1975), a case wherein the trial court had failed to require security for the issuance of a preliminary injunction, the appellate court chose to remand that case to the district court (with directions that security be furnished) rather than to vacate the injunction. Under such circumstances, however, this court has consistently held that the better approach is to vacate the injunction. Because of the wording of LSA-C.C.P. art. 3610, stating that the "* * * injunction shall not issue unless * * *" security is furnished, we agree with the interpretation of LSA-C. C.P. 3610 previously rendered by this court.
For the reasons assigned, therefore, the district court decision is reversed and the injunction issued against the defendant is hereby vacated and set aside. Plaintiff is to pay all costs of the proceedings.
REVERSED AND INJUNCTION VACATED AND SET ASIDE.