631 So.2d 1245 (1994)
ADVANCED COLLISION SERVICES, INC.
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION.
No. 93-CA-740.
Court of Appeal of Louisiana, Fifth Circuit.
January 25, 1994.
*1246 James M. Bookter, Baton Rouge, for appellant-defendant State Dept. of Transp.
Leon C. Vial, III, Hahnville, for appellee-plaintiff Advanced Collision Services, Inc.
KLIEBERT, BOWES and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, the State of Louisiana, Department of Transportation and Development, appeals from a judgment granting plaintiff, Advanced Collision Services, Inc., a preliminary injunction, enjoining defendant from constructing the street in front of plaintiff's business in such a manner that would deny access to it. We reverse the granting of the preliminary injunction because the trial judge failed to order plaintiff to post bond as mandated by La.C.C.P. art. 3610 and defendant was not given timely notice. Also, the order requiring defendant to post a suspensive appeal bond is vacated and set aside.
On July 2, 1993, plaintiff filed a Petition For Injunction And Damages to enjoin defendant from blocking access to its auto repair business while defendant was widening the street in front of the business. The petition requested a preliminary and permanent injunction. Because the project was in progress and the construction was blocking access, plaintiff requested the court to waive the bond requirement. The trial judge issued an order and notice informing the parties that the preliminary injunction would be heard in accordance with La.C.C.P. art. 3609, upon verified pleadings or supporting affidavits. The cut-off date for submission of the affidavits was July 16, 1993 at 10:00 am. Plaintiff filed affidavits. Defendant did not file any pleadings or affidavits. On July 16, 1993, the trial judge rendered a judgment granting plaintiff the preliminary injunction and awarding damages of $1000 per day in the event that the injunction was violated. On August 6, 1993 the trial judge signed the judgment. Defendant appealed and the trial judge granted it a suspensive appeal on August 17, 1993, but ordered it to post a $10,000 bond.
First, defendant appeals the judgment of August 6, 1993, asserting that the trial judge erred in failing to hold a hearing on the application for preliminary injunction. Secondly, it contends that the trial judge erred in failing to require plaintiff to post a bond as security under La.C.C.P. art. 3610. Third, defendant alleges that the trial judge erred in requiring it to post a $10,000 suspensive appeal bond, in violation of La.R.S. 13:4581.
First, La.C.C.P. art. 3609 provides that
"The court may hear an application for a preliminary injunction ... upon the verified pleadings or supporting affidavits, or may take proof as in ordinary cases. If the application is to be heard upon affidavits, *1247 the court shall so order in writing, and a copy of the order shall be served upon the defendant at the time the notice of hearing is served."
The court has discretion to permit additional affidavits to be filed at or after the hearing and may further regulate the proceeding as justice requires. Id. We hold that, by the language of the article, the court is empowered to decide the case without court appearances by the parties. Thus, we find that the trial judge did not err in deciding the matter on the submitted affidavits and verified pleadings, without hearing.
Second, defendant cites, La.C.C.P. art. 3610, asserting that the judgment must be vacated because the trial judge did not order plaintiff to post the required security. Said article states that a preliminary injunction shall not issue unless the applicant furnishes security, except where security is dispensed with by law. The article further states that the security is to indemnify the person wrongfully restrained or enjoined for the payment of costs and damages. The requirement of security is mandatory when a waiver is not provided by law. No such exemption from security exists in the law under the facts of this case. Consequently, we find that the trial judge erred in granting the application for preliminary injunction without requiring plaintiff to post security and that the judgment must be reversed on this basis. See: Cochran v. Crosby, 411 So.2d 654, 655 (La.App. 4th Cir.1982); Lambert v. Lambert, 480 So.2d 784, 787 (La.App. 3rd Cir.1985).
We also note that both parties agree that defendant did not receive notice of the cut-off date until July 15, 1993. La.C.C.P. art. 3602 requires that the preliminary injunction hearing be set not less than two nor more than ten days after service of the notice. In this case, the trial judge did not comply with the requirements of La.C.C.P. art. 3602 and, thus, the judgment must be reversed on this basis as well.
This court is faced with two alternatives, remand the case to the trial court with directions that security be furnished or reverse the judgment that granted the preliminary injunction. See: Cochran at 655. In Cochran, Judge Chehardy stated that, "... this court has consistently held that the better approach is to vacate the injunction. Because of the wording of LSAC.C.P. art. 3610, stating that the `... injunction shall not issue unless ...' security is furnished, we agree with the interpretation of LSAC.C.P. 3610 previously rendered by this court." Cochran at 655. We agree with that decision and will reverse the judgment accordingly.
Defendant also complains that the trial judge ordered it to post a suspensive appeal bond in violation of R.S. 13:4581. Plaintiff agrees and so does this court. Under R.S. 13:4581, defendant is exempt from furnishing of an appeal bond.[1] Thus, we vacate and set aside the order for defendant to post a suspensive appeal bond.
Accordingly, the judgment rendered on July 16, 1993 and signed on August 6, 1993, granting the preliminary injunction is hereby reversed. Also, the order dated August 17, 1993, requiring defendant to post a $10,000 suspensive appeal bond, is vacated and set aside.
Plaintiff is to pay costs of this appeal.
INJUNCTION REVERSED, APPEAL BOND ORDER VACATED AND SET ASIDE.
NOTES
[1] La.R.S. 13:4581 provides as follows:

§ 4581 Public boards and commissions not required to furnish bond
State, parish and municipal boards or commissions exercising public power and functions shall not be required to furnish any appeal bond; or any other bond whatsoever in any judicial proceedings instituted by or brought against them.