JAMES F. McKAY III, Chief Judge.
Ixln this case involving the attempted seizure and sale of a piece of immovable property through executory process, Eastern Savings Bank, F.S.B. appeals the trial court’s granting of a preliminary injunction in favor of Donna Lynn Pharr. We reverse.
FACTS AND PROCEDURAL HISTORY
In April of 2007, Donna Lynn Pharr executed a mortgage note in favor of Eastern Savings Bank, F.S.B. on a piece of immovable property owned by Ms. Pharr, bearing the municipal address of 435 Pelican Avenue, New Orleans, Louisiana 70114. Ms. Pharr failed to pay a number of installments under the note. Eastern Savings Bank claims that it is owed $187, 500.00.
On August 3, 2011, Eastern Savings Bank filed a petition for executory process seeking to seize and sell the immovable property on Pelican Avenue owned by Ms. Pharr. Eastern Savings Bank requested service on Ms. Pharr at the 435 Pelican Avenue address. On September 12, 2011, the trial court signed an order of seizure directing the Orleans Parish Sheriffs Office to seize and sell the|2subject property. The notice of seizure was forwarded to the Sheriffs Office for service on September 22, 2011. The Sheriffs Office attempted on several occasions to serve Ms. Pharr at the Pelican Avenue address before returning the notice of seizure as “un-served several attempts” on October 5, 2011.
On November 2, 2011, Eastern Savings Bank filed a motion to appoint attorney, requesting that the court appoint a curator to represent Ms. Pharr in the foreclosure proceeding pursuant to La. C.C.P. art. 5091. In support of its motion, Eastern Savings Bank advised the court that the sherriffs office was unable to serve Ms. Pharr at the Pelican Avenue address, and that the bank attempted to locate her through an internet skip trace search but was unable to develop any additional current addresses for service. Therefore, on November 7, 2011, the court signed an order appointing attorney Sonija D. Kirk as the curator ad hoc to represent Ms. Pharr. On December 1, 2011, the curator ad hoc filed a curator’s answer, note, and order detailing her unsuccessful efforts to locate Ms. Pharr.
On August 24, 2012, Ms. Pharr (in proper person) filed a petition for preliminary injunction to arrest seizure and sale, seeking to enjoin the sheriffs sale scheduled for September 6, 2012. Ms. Pharr re *94 quested that service of the order setting the hearing on the preliminary injunction be made on “Eastern Savings Bank, F.S.B. through counsel of record, 8550 United Plaza'Boulevard, Baton Rouge, Louisiana 70809, (225) 924-1600.” On September 5, 2012, counsel for Eastern Savings Bank received informal notice of the order and filed a memorandum in opposition to defendant’s petition for preliminary injunction to Rarrest seizure and sale. However, the East Baton Rouge Sheriffs Office did not serve the notice of the injunction hearing on Eastern Savings Bank until September 12, 2012.
On September 6, 2012, the trial court signed a judgment granting Ms. Pharr’s petition for preliminary injunction and dispensed with the requirement that Ms. Pharr post a bond in accordance with La. C.C.P. art. 2754. On September 11, 2012, Eastern Savings Bank filed a motion for suspensive and/or devolutive appeal.
DISCUSSION
On appeal, the appellant raises the following assignments of error: 1) the trial court erred in finding that Eastern Savings Bank, F.S.B. was properly served with notice of the hearing on the preliminary injunction in accordance with La. C.C.P. art. 3602; 2) the trial court erred in finding that Eastern Savings Bank, F.S.B. did not comply with the requirements for the appointment of a curator in an execu-tory proceeding as set forth in La. C.C.P. arts. 2674 and 5251; and 3) the trial court erred in dispensing with the requirement that the defendant post a bond as required under La. C.C.P. art. 2754.
In the instant case, the trial court signed an order on September 5, 2012 setting the preliminary injunction for hearing on September 6, 2012. Eastern Savings Bank did receive informal notice of the hearing on September 5, 2012, but was not served by the sheriff until September 12, 2012. At the September 6, 2012 ^hearing, Eastern Savings Bank objected to the lack of timely notice, but the trial court overruled the objection and proceeded with the hearing.
Louisiana Code of Civil Procedure Arth cle 3602 states:
A preliminary injunction shall not issue unless notice is given to the adverse party and an opportunity had for a hearing.
An application for a preliminary injunction shall be assigned for hearing not less than two nor more than ten days after service of the notice.
La. C.C.P. art. 3602.
The mandatory provisions of La. C.C.P. art 3602 require that notice of the hearing be served on the adverse party and that the hearing be assigned not less than two days after service of the notice. In the instant case, the trial court failed to comply with the article’s mandatory provisions.
In its second assignment of error, the appellant contends that the trial court erred in finding that the appellant had not complied with the requirements for the appointment of a curator in an executory proceeding as set forth in La. C.C.P. arts. 2674 and 5251. In pertinent part, La. C.C.P. art. 2674 states:
The court shall appoint an attorney at law to represent the unrepresented defendant in an executory proceeding under the following circumstances:
(1) When the defendant is an absentee;
La. C.C.P. art. 2674.
Louisiana Code of Civil Procedure Article 5251 goes on to define an absentee as:
... a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who. has not appointed an agent for *95 the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown.
La. C.C.P. art. 5251.
A creditor must make a reasonable and diligent effort to determine the whereabouts of a defendant domiciled in Louisiana to support an allegation that the defendant’s whereabouts are unknown and to support the appointment of a curator. Security Homestead Ass’n v. Fuselier, 591 So.2d 335, 338-39 (La.1991) citing Peschier v. Peschier, 419 So.2d 923, 926 (La.1982). This Court has held that “seven returns showing unsuccessful attempts at service” constituted an “adequate showing of ‘diligent effort’ ” as required by La. C.C.P. art. 5251. Carey v. Daunis, 274 So.2d 447 (La.App. 4 Cir.1973). Likewise, the Fifth Circuit has held that repeated attempts to serve a defendant by two deputies and a process server at the relevant address, which appeared to be occupied, constituted reasonable steps to effect service on a defendant. First Nat’l Bank of Jefferson Parish v. Samuels, 618 So.2d 444 (La.App. 5 Cir.1993).
In the instant case, Eastern Savings Bank initially used the Orleans Parish Sheriffs Office to effect service on Ms. Pharr at 435 Pelican Avenue. However, after making several unsuccessful attempts to serve Ms. Pharr at the Pelican Avenue address, the sheriffs office returned the citation with the notation “un-served several attempts.” Thereafter, Eastern Savings Bank attempted to locate Ms. Pharr through a skip trace search via Lexis Nexis Accurinet. However, this attempt was in vain because Ms. Pharr lived at 435 Pelican Avenue. The steps taken by Eastern Savings Bank to serve Ms. Pharr were reasonable. Therefore, based on the record before this Court, the trial court erred in finding that Eastern Savings Bank had not complied with the requirements of the Louisiana Code of Civil Procedure for the appointment of a curator in an executory proceeding.
Rln its final assignment of error, Eastern Savings Bank contends that the trial court erred in dispensing with the requirement that Ms. Pharr post a bond as required under La. C.C.P. art. 2754. La. C.C.P. art. 2754 states: “Except as provided in Article 2753,[1] no temporary restrain *96 ing order or preliminary injunction shall issue to arrest a seizure and sale unless the applicant therefor furnishes security as provided in Article 3610.” La. C.C.P. art. 3610 provides as follows:
A temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed, by the court, except where security is dispensed with by law. The security shall indemnify the person wrongfully restrained or enjoined for the payment of costs incurred and damages sustained. However, no security is required when the applicant for a temporary restraining order or preliminary or permanent injunction is seeking protection from domestic abuse, dating violence, stalking, or sexual assault.
La. C.C.P. art. 3610.
In the instant case, the trial court issued the preliminary injunction on the grounds that Eastern Savings Bank failed “to use diligence in attempting to serve its borrower,” and did not require that Ms. Pharr post a bond because of “the failure of Eastern to exercise the most fundamental requirements of our legal 17system: due process.” However, the requirement of security is mandatory when waiver is not provided by law. See Advanced Collision Services, Inc. v. State, Department of Transportation, 93-740 (La.App. 5 Cir. 1/25/94), 631 So.2d 1245. No such waiver is provided for by law in the situation we are dealing with in the instant case. Accordingly, the trial court erred when it failed to order Ms. Pharr to post a bond.
CONCLUSION
For the above and foregoing reasons, the judgment of the trial court is reversed and the preliminary injunction in this matter is dissolved.
REVERSED AND RENDERED

. A. The original debtor, his surviving souse in community, legatees, and legal representative are not required to furnish security for the issuance of a temporary restraining order or preliminary injunction to arrest a seizure and sale, when the injunctive relief is applied for solely on one or more of the following grounds:
(1) The debt secured by the mortgage, security agreement, or privilege is extinguished or prescribed;
(2) The enforcement of the debt secured by the mortgage, security agreement, or privilege is premature, either because the original term allowed for payment, or any extension thereof granted by the creditor, had not expired at the time of the institution of the executory proceeding;
(3) The act evidencing the mortgage or privilege or the security agreement is forged, or the debtor’s signature thereto was procured by fraud, violence, or other unlawful means;
(4) The defendant in the executory proceeding has a liquidated claim to plead in compensation against the debt secured by the mortgage, security agreement, or privilege; or
(5) The order directing the issuance of the writ of seizure and sale was rendered without sufficient authentic evidence having been submitted to the court, or the evidence submitted was not actually authentic.
B. Notwithstanding any of the provisions of this Chapter to the contrary, a claim or an action in redhibition shall not be grounds for *96 the issuance of a temporary restraining order or preliminary injunction to arrest a seizure and sale, without security as provided by law.
C. Notwithstanding any of the provisions of this Chapter to the contrary, a claim that the attorney's fees established in the mortgage, security agreement, or privilege to be enforced are unreasonable shall not be grounds for the issuance of a temporary restraining order or preliminary injunction to arrest a seizure and sale. Any such claim may only be urged either:
(1) Prior to the sale by means of a rule to show cause filed not later than ten days, exclusive of holidays, prior to the date of the sale, or
(2) In conjunction with a proceeding seeking a deficiency judgment to satisfy the debt for which the property was sold.