Judge MAX N. TOBIAS, JR.
12Sarath and Hemalie Perera (the “Per-eras”) appeal from an adverse judgment rendered on 11 June 2014 granting the petition for eviction and rule for possession in favor of Lake Air Capital II, LLC (“Lake Air”) following Lake Air’s enforcement of a promissory note and collateral mortgage and subsequent foreclosure and judicial sale of residential property occupied and owned by the Pereras. For the following reasons, we affirm.

Factual Background and Procedural History

On 28 May 2013, Lake Air filed a petition for executory process without benefit of appraisal seeking enforcement of a promissory note (the “Note”) executed by the Pereras. The Note was alleged to be secured with an act of mortgage on the Pereras’ residence located at 5600 Evelyn Court in New Orleans (the “Property”), duly recorded in the mortgage records of Orleans Parish. In its petition, Lake Air alleged that it was the current holder of *86 the Note[1] and that the |3Pereras’ monthly installments were past due. Lake Air prayed for and obtained on 28 May 2013 an order for seizure and sale, directing the Orleans Parish Sheriff to seize and sell the Property. According to the notice of seizure dated 11 June 2013, the judicial sale was tentatively scheduled for 5 September 2013.
No action was taken by the Pereras during the next three months. -However, on 30 August 2013, less than one week shy of the scheduled sale, the Pereras filed a Chapter 13 bankruptcy proceeding resulting in a stay of the judicial sale. At that time a Chapter 13 debtor’s (bankruptcy) plan was put into place. In December 2013, when the Pereras failed to comply with the debtor’s plan as it related to the mortgage on the Property, Lake Air sought an order from the bankruptcy court to lift the automatic stay provisions.[2] The bankruptcy court granted Lake Air’s motion and lifted the stay on 31 January 2014. Once the procedural delays under the Bankruptcy Code had elapsed and the order lifting the stay was final, Lake Air reset the judicial sale for 17 April 2014.
Despite the stay being lifted and having ample notice of the impending sale of the Property, the Pereras took no action until Friday, 11 April 20Í4 — again, less than one week prior to the rescheduled sale— when they filed a motion with the bankruptcy court to reinstate the stay and requested an expedited hearing on their motion. The bankruptcy court denied the request on Monday, 14 April 2014.
Waiting until 2:28 p.m. the following afternoon, Tuesday, 15 April 2014, the Per-eras filed a petition for injunction (preliminary and permanent) in the trial - court to arrest the seizure and sale re-scheduled for 17 April 2014, and/or, alternatively, |4for damages.[3] In their petition, the Per-eras requested a temporary restraining order in the event the trial court could not hold a hearing prior to the scheduled sheriffs sale; the request for a temporary restraining order was, denied. The trial court set the hearing on the Pereras’ request for preliminary injunctive relief for 25 April 2014, one week past the scheduled sheriffs sale.
On the following morning, 16 April 2014, the Pereras filed a notice of intent to seek an emergency writ of review of the trial court’s 15 April 2014 order and requested a stay. Specifically, the Pereras sought a stay of the sheriffs sale set for noon the next day until such time as a hearing could be held, on the their request for injunctive •relief. In conjunction with the order granting the notice of intent and denying the stay, the trial judge handwrote ■ the following reasons elucidating why the hearing for injunctive relief was set for one week after the scheduled sheriffs sale:
This Court could not hold a hearing less than two (2) days nor more than ten (10) days after the service of the notice. The motion was filed on April 15, 2014 at 2:28 p.m. Thus, pursuant to La.Code of Civ. Proc. art. 2752 and La.Code of Civ. Proc. art. 3602, the hearing was set for April 25, 2014.
*87 On the afternoon of Wednesday, 16 April 2014, this court denied the Pereras’ writ application “[finding no error on the part of the Trial Court.” Thereafter, the Pereras chose not to seek immediate relief from the Supreme Court prior to the scheduled sale set for noon the following day. Instead, the Pereras waited until 19 May 2014 to file a writ application with the Supreme Court seeking further review. The Supreme Court declined to consider the writ on the basis that it was untimely.
lsThe sale went forward on Thursday, 17 April 2014, as previously scheduled and, at 12:14 p.m., the Property was sold by the sheriff to Lake Air. A Sheriffs Deed was issued and recorded by the sheriff on 12 May 2014, and Lake Air became the owner of the Property.[4] When the Pereras declined to cooperate and voluntarily vacate the premises, Lake Air instituted the instant eviction proceedings on 29 May 2014.[5] The Pereras answered Lake Air’s petition for eviction on 6 June 2014 raising the identical issues they presented in the former executory proceedings.[6] Specifically, the Pereras argued that they had been denied due process as a result of the trial court’s failure to hold a hearing on their request for injunctive relief prior, to the sale of the Property. Consequently, the Pereras averred that the sheriffs sale was a nullity.[7] On 11 June 2014, the trial court granted a judgment of eviction in favor of Lake Air and ordered the Pereras to vacate the Property within five days. Once vacated, Lake Air sold the Property to a third party.
|fiOn 8 August 2014, the Pereras timely filed the instant devolutive appeal seeking review of the trial court’s 11 June 2014 judgment and raise the following four assignments of error:
1. The trial court erred in granting the order of eviction;
2. The trial court erred by not ruling that the sheriffs sale of the property was a nullity;
3. The trial court erred by not ruling that the Pereras’ due process rights under the 14th Amendment to the U.S. Constitution were violated; and
4. The trial court erred in its ruling which supports the premise that a creditor has greater rights than the citizens of this state.
Because we find the first three assignments of error are inexorably related, we address them collectively as an averment that the trial court erred by failing to find that the sheriffs sale of the Property was a nullity as. a result of the Pereras being *88 denied due process and in granting the order of eviction. Furthermore, we note that the fourth assignment of error was not briefed by the Pereras; thus, it is deemed abandoned under Uniform Rules — Courts of Appeal, Rule 2-12.4. See Countrywide Home Loans Servicing, LP v. Thomas, 12-1304, p. 3 (La.App. 4 Cir. 3/20/13), 113 So.3d 355, 357. We find the sheriffs sale of the Property to have been valid under the facts and circumstances presented and that the trial court properly granted the judgment of eviction.

Standard of Review

A trial court’s factual determinations are subject to the manifest error/clearly wrong standard of review, which precludes the setting aside of a trial court’s finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. Hall v. Folger Coffee Co., 03-1734, p. 9 (La.4/14/04), 874 So.2d 90, 98. In order to reverse the findings of a trier of fact, “an appellate court must undertake a two-part inquiry: (1) the court must find from the record that a reasonable factual basis does not exist for the finding of the trier of fact; and (2) the court must further determine that the record establishes the finding is clearly wrong.” Harold A. Asher, CPA, LLC v. Haik, 12-0771, p. 4 (La.App. 4 Cir. 4/10/13), 116 So.3d 720, 723-724, quoting S.J. v. Lafayette Parish School Board, 09-2195, p. 12 (La.7/6/10), 41 So.3d 1119, 1127. In the event of a legal error, such as incorrectly applying an applicable statute, the standard of review of an appellate court is simply whether the trial court’s interpretive decision is legally correct or incorrect. Duhon v. Briley, 12-1137, 12-1138, p. 4 (La.App. 4 Cir. 5/23/13),117 So.3d 253, 257-258. Accordingly, if the decision of the trial court is based upon an erroneous application of law rather than on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court. Id.

Discussion

As a preliminary matter, Lake Air argues that because the .Pereras now raise the identical defenses in their instant appeal of the judgment of eviction that were unsuccessfully raised in their previous writ to this court during the executory proceedings, which writ was denied based upon our finding that no error occurred on the part of the trial court, we should apply the law-of-the-case doctrine to bar their arguments. The law respecting the effect of a denial of a writ application, however, is well-settled; the denial of a writ has no precedential value. State v. Davis, 09-0438, p. 19 (La.App. 4 Cir. 1/13/10), 30 So.3d 201, 211; Arceneaux v. Amstar Corp., 06-1592, p. 20 (La.App. 4 Cir. 10/31/07), 969 So.2d 755, 771; State v. Williams, 00-1725, p. 4 n. 3 (La.11/28/01), 800 So.2d 790, 795; St. Tammany Manor, Inc. v. Spartan Building Corp., 509 So.2d 424, 428 (La.1987). The | sapplication of the “law of the case” principle to decisions made on supervisory writs is discretionary. Cavalier v. State ex rel. Dept. of Transp. and Development, 08-0561, p. 5 (La.App. 1 Cir. 9/12/08), 994 So.2d 635, 640. Therefore, any prior “determination” in a request for a supervisory writ is not necessarily binding on a subsequent appeal. Diamond B Const. Co., Inc. v. Department of Transp. and Development, 08-0573, p. 7 (La.App. 1 Cir. 2/14/03), 845 So.2d 429, 434. Generally, the denial of supervisory writs does not bar a different conclusion or reconsideration of the same issue argued in the writ application when an appeal is taken from a final judgment. Levine v. First Nat. Bank of Commerce, 06-394, p. 6, n. 4 (La.12/15/06), 948 So.2d 1051, 1056; East Baton Rouge Parish School Bd. v. Wilson, 08-0536, p. 10 (La.App. 1 Cir. 6/6/08), 992 So.2d 537, 543; Diamond B Construction, 08-0573, p. 7, 845 So.2d at 434. For these reasons, we decline to *89 apply the law-of-the-case doctrine in the instant case.
La. C.C.P. art. 2752 states the following:
A. The petition for injunction shall be filed in the court where the executory proceeding is pending, either in the ex-ecutory proceeding or in a separate suit. The injunction proceeding to arrest a seizure and sale shall be governed by the provisions of Articles 3601 through 3609 and 3612, except as provided in Article 2753. However, a temporary restraining order shall not issue to arrest the seizure and sale of immovable property, but the defendant may apply for a preliminary injunction in accordance with Article 3602. In the event the defendant does apply for a preliminary injunction the hearing for such shall be held before the sale of the property.
B. If the court finds that the temporary restraining order or preliminary injunction was wrongfully issued, the court, unless the proceedings are stayed, in addition to the damages authorized under Article 3608, may allow the sheriff to proceed with the sale by virtue of the prior advertisement, if not expired.
|gLa. C.C.P. art. 3602 provides:
A preliminary injunction shall not issue unless notice is given to the adverse party and an opportunity had for a hearing.
An application for a preliminary injunction shall be assigned for hearing not less than two nor more than ten days after service of the notice.
The Pereras posit that, when La. C.C.P. art. 2752 and La. C.C.P. art. 3602 are read and applied collectively, “the law is confusing, ambiguous, contradictory and unconstitutional.” Specifically, the Pereras argue that article 2752 is unconstitutional and results in a deprivation of due process when its application prohibits an opportunity for a petitioner seeking injunctive relief to arrest a seizure and sale of immovable property to be heard prior to the sale of said property. Because the Pereras requested that a hearing on their request for injunctive relief be heard prior to the sheriffs sale of the Property and “there was an opportunity for a [such] a hearing,” which the trial court denied, the Pereras aver the trial court manifestly erred when it granted the order of eviction and failed to rule that the sheriffs sale of the Property was a nullity. We disagree.
La. C.C.P. 2752 A expressly prohibits the imposition of a temporary restraining order to arrest the seizure and sale of immovable property in an executo-ry proceeding and requires that a hearing on an application for preliminary injunction be held prior to the sale.[8] However, *90 article 2752 A also requires that the | Ulinj unction proceeding comply with the mandatory provisions set forth in La. C.C.P. art. 3602; which precludes a trial court from setting a preliminary injunction for hearing less than two days (nor more than ten days) after service of the notice of the hearing to the adverse party. See Eastern Savings Bank v. Pharr, 12-1754, p. 4 (La.App. 4 Cir. 7/3/13), 156 So.3d 92, 94.
In the instant case, the Pereras are absolutely right when they state that “there was an opportunity for a hearing” on their petition for injunctive relief — had the Pereras timely filed requesting one. The record is completely devoid of evidence that would explain why the Pereras, despite having knowledge for months of the imminent sale of the Property, took no action to arrest the sale until less than one week before the scheduled date when they sought to have'the bankruptcy court reinstate the stay. Moreover, the Pereras were aware on Monday, 14 April 2014, that the bankruptcy court had denied their request and that, consequently, the sale scheduled for noon that Thursday was going to go forward unless they immediately took action. Nonetheless, despite the time limitations and notice requirements mandated by La. C.C.P. art. 3602 — and, according to the record, having both sufficient time to file the request for injunctive relief and for a hearing on the request to be held in compliance with its notice requirements and_[i!time limitations — the Pereras did not file their request for in-junctive relief until it was too late for the trial court to intercede to arrest the seizure and sale.[9] We find that the Pereras’ lack of diligence in pursuing to have the stay reinstated in the bankruptcy court and then, again, in waiting to seek injunc-tive relief to arrest the seizure and sale of the Property in the trial court — when the record reflects that the Pereras actually had several months within which to do so and did nothing — cannot and will not create an emergency on the part of the trial court or create an exception to the mandatory notice requirements set forth in La. C.C.P. art. 3602. For the Pereras to now suggest that their due process rights have been violated because they were not given an opportunity to be heard prior to their Property being seized and sold borders on the disingenuous.[10] Failing to timely comply with the procedural requirements set forth in the Louisiana Code of Civil Procedure relative to injunctive relief and the right to a hearing does not equate to a due process violation. We do not find that the *91 Pereras were not given a reasonable opportunity to be heard; they did not timely exercise their statutory rights.
Based upon the specific facts of this case and our review of the record on appeal, we find the trial court did not err in concluding that it was prohibited by the applicable codal provisions to set the hearing on the preliminary injunction prior to the scheduled sale of the Property. Accordingly, we find the sheriff’s sale of the 11g,Property was valid and that the judgment of eviction was properly granted. The trial court judgment is affirmed.

AFFIRMED.

.The Note, collateral mortgage, and collateral mortgage note were initially executed by the Pereras in favor of Gulf Coast Bank & Trust Company, who then sold, transferred, assigned, and conveyed its interest in the Note, mortgage, collateral mortgage note, and related loan documents to Lake Air pursuant to an assignment of mortgage dated 28 December 2012 and recorded on 31 January 2013 in Orleans Parish.

. The record on appeal reflects that the Perer-as did not oppose Lake Air’s motion.

. At the same time, the Pereras filed a notice of lis pendens in the public records.

. Upon transferring ownership of the Property to Lake Air, the sheriff cancelled the previously filed notice of lis pendens.

. The eviction proceeding was consolidated with the executory proceeding in the trial court. Upon appealing the judgment of eviction, two separate records were prepared, one for each case. The cases have been consolidated for purposes of this appeal.

. Also on 6 June 2014, the Pereras filed an ex parte motion to sever in the executory proceedings seeking to have the trial court sever their alternative request for damages and assigning same a separate suit number and allotting the "new” suit to a different division of the court. While the trial judge ordered that the Pereras’ claim for damages be severed from the executory process proceedings, she denied their request that the claim be assigned a new suit number and allotted to a different division.

.Despite their contention that the sheriff’s sale was a nullity due to the alleged denial of their due process rights to be heard, the record is devoid of any evidence that the Pereras took any action whatsoever to set aside the sheriff's sale prior to the Property having been sold by Lake Air to a third party even though, according to Lake Air, the Pereras had ample notice that the Property was listed for sale.

. We acknowledge that in the "issues presented for review” contained in their brief on appeal, the Pereras' state the following: "La. C.C.P. art. 2752’s provision that prohibits temporary restraining orders in executory process matters is ambiguous, confusing, and unconstitutional.” To the extent that this can be interpreted as a request that this court deem unconstitutional article 2752’s prohibition against temporary restraining orders to arrest the seizure and sale of immovable property, we decline to do so. The record reflects that the Pereras made similar aver-ments in their answer and reconventional demand filed in the eviction proceedings below and further averred that "[a] prohibition to deny an 'opportunity to be heard' is unconstitutional,” however, the Pereras neither specifically requested nor prayed that the trial court declare La. C.C.P. art. 2752’s prohibition against temporary restraining orders unconstitutional. As they have done here on appeal, the Pereras merely declared that the provision is unconstitutional.
It is well-settled that, in general, the unconstitutionality of a statute must first be specifically pleaded and the grounds for the claim particularized in the trial court. Vallo v. Gayle Oil Company, Inc., 94-1238, p. 8 *90 (La.11/30/94); 646 So.2d 859, 864-865. Moreover, in all proceedings in which the constitutionality of a statute is assailed, the attorney general must be served notice and/or a copy of the pleading and, at his discretion, be allowed to be heard. See La. R.S. 49:257 and La. R.S. 13:4448. In the instant case, having failed to properly plead the unconstitutionality of article 2752 A in the trial court and having failed to serve or otherwise notify the attorney general of the challenge to the constitutionality of the article, the issue of the constitutionality of La. C.C.P. art. 2752 A is not in the proper posture for this court's review.

. Put simply, the sheriff's sale of the Property was scheduled for noon on Thursday, 17 April 2014. The Pereras did not file their request for injunctive relief until 2:28 p.m. on Tuesday, 15 April 2014, despite having notice by the afternoon of Monday, 14 April 2014, that the sale was going to go forward when the bankruptcy court denied their motion to’ reinstate the stay. Had the Pereras timely filed their petition seeking injunctive relief in the trial court on Tuesday morning, with sufficient time to have it served on Lake Air by noon that same day, the trial judge would have been able to set the hearing on their request prior to the scheduled sale in accordance with La. C.C.P.-art. 3602.

. Cf. La. C.C.P. art. 863.