TOBIAS, J., concurs.
I respectfully concur.
I write separately to note that the denial of a writ application by an appellate court, regardless of any detailed reasons given for the denial, are of no precedential value. Lake Air Capital II, LLC v. Perera, 15-0038, p. 7 (La.App. 4 Cir. 5/13/15), 172 So.3d 84, 88; State v. Davis, 09-0438, p. 19 (La.App. 4 Cir. 1/13/10), 30 So.3d 201, 211; Arceneaux v. Amstar Corp., 06-1592, p. 20 (La.App. 4 Cir. 10/31/07), 969 So.2d 755, 771; State v. Williams, 00-1725, p. 4 n. 3 (La.11/28/01), 800 So.2d 790, 795; St. Tammany Manor, Inc. v. Spartan Building Corp., 509 So.2d 424, 428 (La.1987); see also Cavalier v. State ex rel. Dept. of Transp. and Development, 08-0561, p. 5 (La.App. 1 Cir. 9/12/08), 994 So.2d 635, 640; Diamond B Const. Co., Inc. v. Department of Transp. and Development, 02-0573 (La.App. 1 Cir. 2/14/03), 845 So.2d 429, 434. Thus, although this court may have previously ruled in this case in a “writ denial” on the 33 C.F.R. § 208.10 issue, I find that the trial judge’s ruling on the matter was not an abuse of his discretion.
The appellants have not demonstrated that the trial judge abused his discretion on any of the rulings at issue in this appeal and thus the judgment is not manifestly erroneous or clearly wrong.