EUGENE R. GUILBEAUX

VERSUS

LUPO ENTERPRISES, L.L.C.
AND UNITED FIRE &
CASUALTY INDEMNITY
COMPANY

* NO. 2021-CA-0053

*

COURT OF APPEAL

*

FOURTH CIRCUIT

*

STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-01566, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**Judge Tiffany G. Chase**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Tiffany G. Chase, Judge Dale N. Atkins)

**LEDET, J., CONCURS IN THE RESULT**
**ATKINS, J., CONCURS IN THE RESULT**

Anthony L. Glorioso
412 Dolhonde St.
Gretna, LA 70053

        COUNSEL FOR PLAINTIFF/APPELLANT

Matthew A. Mang
Victoria H. Fabre
LOBMAN, CARNAHAN, BATT, ANGELLE & NADER
400 Poydras Street, Suite 2300
New Orleans, LA 70130

        COUNSEL FOR DEFENDANT/APPELLEE

                **AFFIRMED**
                **MAY 19, 2021**

Eugene Guilbeaux (hereinafter "Mr. Guilbeaux") seeks review of the trial court's October 5, 2020 judgment granting Lupo Enterprises, L.L.C. and United Fire & Casualty Indemnity Company's[1] (hereinafter collectively "defendants") motion for summary judgment. After consideration of the record before this Court and the applicable law, we affirm the judgment of the trial court.

**Facts and Procedural History**

On February 22, 2016, Mr. Guilbeaux was a patron at Lakeview Grocery Store. Upon exiting the store, the grocery cart he was pushing became lodged in an expansion joint located at the entrance/exit ramp causing the cart to abruptly stop.[2] Mr. Guilbreaux alleges that the stopping of the cart caused him to fall and sustain injuries to his face, eyes and teeth.

---

[1] The insurance company was improperly named as United Fire & Casualty Indemnity Company in the petition for damages. However, United Fire & Casualty Indemnity Company answered the petition for damages correcting the name to United Fire & Casualty Company.

[2] Mr. Guilbeaux contends that the expansion joint on the ramp had not been properly maintained thus, creating an unreasonable risk of harm.

1

On February 16, 2017, Mr. Guilbeaux filed a petition for damages against Lupo Enterprises, L.L.C.[3] and United Fire & Casualty Indemnity Company alleging negligence, maintaining that the ramp created an unreasonable risk of harm and caused him bodily injury.

On February 8, 2018, defendants filed a motion for summary judgment arguing that no genuine issues of material fact exist because Mr. Guilbeaux could not establish the essential elements of La. C.C. art. 2317.1.[4] Specifically, defendants contended that Mr. Guilbeaux could not establish that the ramp created an unreasonable risk of harm or that the store had actual or constructive knowledge that the ramp was defective. In support, defendants attached the deposition transcripts of Mr. Guilbeaux and Juli Richard;[5] photographs of the ramp at Lakeview Grocery Store; and affidavits of Thomas Lupo and Marc L. Robert, III.[6]

In opposition to defendants' motion for summary judgment, Mr. Guilbeaux suggested the court apply La. R.S. 9:2800.6 rather than La. C.C. art. 2317.1. He argued that summary judgment was inappropriate because he had in fact established that the ramp was defective and thus, created an unreasonable risk of

---

[3] Lupo Enterprises, L.L.C. is the property manager for Harrison 801-827, LLC, which is the owner/lessor for Lakeview Grocery Store.

[4] La. C.C. art. 2317.1:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

[5] Juli Richard is the wife of Mr. Guilbeaux.

[6] Thomas Lupo is a member of Lupo Enterpises, LLC. Marc L. Robert, III is the general manager of Robert Resources, LLC, which provides management services to Lakeview Grocery Store.

harm. Specifically, Mr. Guilbeaux pointed to a deviation in the expansion joint and noted that defendants constructed the parking lot. Alternatively, he maintained that summary judgment was premature as adequate discovery had not been completed. As documentary support, Mr. Guilbeaux submitted the affidavit and letter of his concrete specialist James Vairin, photographs of the ramp, and medical records from The Retina Institute and Vision Optique.

A hearing on defendants' motion for summary judgment was held July 13, 2018.  By judgment dated July 20, 2018, the trial court denied defendants' motion for summary judgment.[7] Defendants sought supervisory review in this Court, which was denied on October 2, 2018.[8] The Louisiana Supreme Court denied supervisory writs on January 8, 2019.[9]

On October 15, 2019, defendants re-urged their motion for summary judgment arguing that Mr. Guilbeaux could not establish his burden of proof, under either La. R.S. 9:2800.6 or La. C.C. art. 2317.1, that the ramp created an unreasonable risk of harm. Additionally, defendants maintained that the discovery cut-off date expired without Mr. Guilbeaux conducting any additional discovery. In support of their motion, defendants submitted the affidavit and report of civil engineer Kevin Vanderbrook; deposition transcripts of James Vairin and Mr. Guilbeaux; photographs of the ramp; and affidavits of Thomas Lupo and Marc L. Robert, III. In opposing the re-urged motion for summary judgment, Mr. Guilbeaux argued that he had presented sufficient evidence to establish his burden

[7] The trial court stated that Mr. Guilbeaux should be afforded an opportunity to conduct additional discovery.

[8] *Guilbeaux v. Lupo Enterprises, L.L.C. and United Fire & Casualty Indemnity Company*, 2018-0671 (La.App. 4 Cir. 10/2/18) (*unpub.*), *writ denied*, 2018-1738 (La. 1/8/19), 259 So.3d 1023.

[9] *Id.*

3

of proof pursuant to La. R.S. 9:2800.6 and thus, a genuine issue of material fact exists as to whether the ramp was defective and created an unreasonable risk of harm. Additionally, he asserted that because this Court and the Louisiana Supreme Court previously denied writs, the issues on summary judgment constitute "law of the case."

The trial court heard defendants' re-urged motion for summary judgment on January 10, 2020. By judgment dated October 5, 2020,[10] the trial court granted the defendants' re-urged motion for summary judgment, dismissing Mr. Guilbeaux's claims against defendants with prejudice. This appeal followed.

**Standard of Review**

An appellate court reviews a trial court's decision to grant a motion for summary judgment *de novo*. In *Chatelain v. Fluor Daniel Const. Co.*, this Court set forth the applicable standard of review as follows:

> Appellate courts review the grant or denial of a motion for summary judgment *de novo*, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To

---

[10] The October 5, 2020 judgment noted that the original judgment was submitted on January 13, 2020 (with the notice of signing of judgment mailed on January 14, 2020). However, the trial court could not locate the original judgment and thus, re-issued its prior judgment on October 5, 2020.

4

> affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

*Chatelain v. Fluor Daniel Const. Co.*, 2014-1312, p. 3 (La.App. 4 Cir. 11/10/15), 179 So.3d 791, 793 (citations omitted).

## Summary Judgment

It is well settled that "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action… ." La. C.C.P. art. 966(A)(2). The granting of a motion for summary judgment is contingent upon the pleadings, depositions, answers to discovery, admissions on file and affidavits demonstrating that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. *Duboue v. CBS Outdoor, Inc.*, 2008-0715, p. 2 (La.App. 4 Cir. 10/1/08), 996 So.2d 561, 562. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could only reach one conclusion, there is no need for trial on that issue, and summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.,* 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. A fact is material when its existence or non-existence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Chapital v. Harry Kelleher & Co., Inc.,* 2013-1606, p. 5 (La.App. 4 Cir. 6/4/14), 144 So.3d 75, 81 (quoting *Mandina, Inc., v. O'Brien,* 2013-0085, p. 8 (La.App. 4 Cir. 7/31/13), 156 So. 3d 99, 104). Whether a fact is material is a determination that must be made based upon the applicable substantive law. *Roadrunner Transp. Sys. v. Brown*, 2017-0040, p. 7 (La.App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270.

5

On a motion for summary judgment the mover bears the burden of proof but is not required to negate all elements of the adverse party's claim if the mover will not bear the burden of proof at trial. La. C.C.P. art. 966 (D)(1). Thus, La. C.C.P. art 966,

> first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial.

*Babin v. Winn-Dixie Louisiana, Inc.*, 2000-0078, p. 4 (La. 6/30/00), 764 So.2d 37, 39-40. If the adverse party fails to set forth specific facts demonstrating a genuine issue of material fact, summary judgment shall be rendered against the adverse party if appropriate. La. C.C.P. art. 967(B).

**Discussion**

On appeal, Mr. Guilbeaux challenges the trial court's judgment granting defendants' re-urged motion for summary judgment alleging that genuine issues of material fact are in dispute. He asserts the trial court erred in determining that he did not present sufficient evidence (1) to establish that the ramp created an unreasonably dangerous condition; (2) to establish that defendants had actual or constructive knowledge of a defect on the ramp; and (3) to establish physical injury as a result of the fall. Mr. Guilbeaux also argues the trial court erred in not applying the "law of the case doctrine" to defendants' re-urged motion for summary judgment.

**Law of the Case Doctrine**

Mr. Guilbeaux argues this Court's prior decision, denying defendants' writ application seeking review of the July 20, 2018 judgment, constitutes law of the case. He maintains that the previous writ denial bars defendants from re-urging the same issues on appeal. We find this argument lacks merit.

The law of the case doctrine generally refers to the binding effect of trial court and/or appellate court rulings during later stages of the same case, including the principle that an appellate court ordinarily will not reconsider its own rulings of law in a subsequent appeal in the same case. *Myers v. Nat'l Union Fire Ins. Co. of Louisiana*, 2011-0751, 2011-1326, p. 6 (La.App. 4 Cir. 4/4/12), 90 So.3d 522, 526. Our Louisiana Supreme Court has delineated the policy reasons behind this doctrine as (1) avoiding the re-litigation of the same issue; (2) promoting consistency of result in the same action; and (3) promoting efficiency and fairness to the parties by affording a single opportunity for the argument and the decision of the matter at issue. *Id*. (quoting *Day v. Campbell-Grosjean Roofing & Sheet Metal Corp.*, 256 So.2d 105,107 (La. 1971)).

"Applying the 'law of the case' doctrine to supervisory writs decisions is discretionary. Thus, any prior 'determination' in a request for a supervisory writ is not necessarily binding on a subsequent appeal." *Armstrong Airport Concessions v. K-Squared Rest., LLC*, 2015-0375, p. 8 (La.App. 4 Cir. 10/28/15), 178 So.3d 1094, 1100 (quoting *Lake Air Capital II, LLC v. Perera*, 2015-0037, pp. 7-8 (La.App. 4 Cir. 5/13/15), 172 So.3d 84, 88). Additionally, "the denial of a writ has no precedential value." *Lake Air Capital II, LLC,* 2015-0037, p. 7, 172 So.3d at 88. "Generally, the denial of supervisory writs does not bar a different conclusion or reconsideration of the same issue argued in the writ application when an appeal is

7

taken from a final judgment." *Lake Air Capital II, LLC*, 2015-0037, p. 8, 172 So.3d at 88. The denial of a writ application is "nothing more than the appellate court declining to exercise its supervisory jurisdiction." *Johnson v. Mike Anderson's Seafood, Inc.*, 2013-0379, p. 5 (La.App. 4 Cir. 6/11/14), 144 So.3d 125, 130. Based upon our established jurisprudence, we conclude that this Court's denial of defendants' previous writ application does not prohibit reconsideration of the issues raised in the re-urged motion for summary judgment. As such, we find the law of the case doctrine inapplicable.

**Unreasonable Risk of Harm**

In opposing defendants' summary judgment, Mr. Guilbeaux solely relies on La. R.S. 9:2800.6, the Merchant Liability Statute.[11] Under La. R.S. 9:2800.6, Mr. Guilbeaux asserts that he is required to prove the deviation in the expansion joint created an unreasonable risk of harm. He further asserts that pursuant to La. R.S. 9:2800.6 he is only required to prove notice if he cannot establish that defendants created the condition.

La. R.S. 9:2800.6(C)(2) defines a merchant as "one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business." This Court has found that the Merchant Liability Statute applies to slip and fall accidents which occur in parking lots. *Davis v. Cheema, Inc.*, 2014-1316, p. 7 (La.App. 4 Cir. 5/22/15), 171 So.3d 984, 988 ("We, and [all other] Louisiana circuit courts, have applied the Merchant Liability Statute, in final and summary judgment contexts, to the facts of slip and fall accidents occurring in both merchant and gas station

---

[11] Defendants also assert that Mr. Guilbeaux cannot meet his burden of proof under La. C.C. art. 2317.1. Although plaintiff fails to address the applicability of La. C.C. art. 2317.1, this Court finds La. C.C. art. 2317.1 inapplicable and will not conduct an analysis under this codal article.

parking lots."). As such, we will analyze the facts of this case under La. R.S. 9:2800.6.

The Merchant Liability Statute, La. R.S. 9:2800.6, provides in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

In addition to the elements under the Merchant Liability Statute, the plaintiff must establish all other elements of his claim. *Massery v. Rouse's Enterprises, L.L.C.*, 2016-0121, p. 5 (La.App. 4 Cir. 6/29/16), 196 So.3d 757, 761. As a threshold matter, we must first determine whether defendants met their initial burden of proof. Defendants are tasked with establishing whether Mr. Guilbeaux will satisfy the burden of proving the existence of a defect, i.e. that the ramp created an unreasonable risk of harm.

In the case *sub judice*, defendants retained civil engineer Kevin Vanderbrook. Mr. Vanderbrook inspected the ramp at Lakeview Grocery Store and conducted a test pushing the grocery cart over the expansion joint. In his report, Mr. Vanderbrook concluded that the parking lot in front of the grocery store was in fair condition; the depth of the expansion joint was approximately ¾ of an inch where the sealant was missing; it was unlikely that the deviation in the expansion joint would cause a grocery cart to become lodged in the expansion joint; and the expansion joint is part of standard parking lot construction and did not create an unreasonably hazardous condition for persons operating grocery carts. "Our jurisprudence has consistently held that small cracks or minor deviations in a sidewalk do not present an unreasonable risk of harm." *Reagan v. Recreation & Park Comm'n for Par. Of E. Baton Rouge*, 2015-1662, p. 1 (La. 12/4/15), 184 So.3d 668 (citing *Chambers v. Village of Moreauville*, 2011-0898, pp. 6-7 (La. 1/24/12), 85 So.3d 593, 598). A deviation in an expansion joint of ¾ of an inch constitutes a "minor" deviation in the ramp; therefore, it does not present an unreasonable risk of harm. This principle was corroborated by Mr. Vanderbrook's report. Thus, we find that defendants met their initial burden of establishing that the deviation in the expansion joint did not create an unreasonable risk of harm.

The burden now shifts to Mr. Guilbeaux to establish that the deviation in the expansion joint created an unreasonable risk of harm and thus, a genuine issue of material fact exists on that issue. La. C.C.P. art. 966(D)(1). Mr. Guilbeaux retained concrete specialist James Vairin and submitted photographs of the scene to Mr. Vairin for his review. Based on those photographs, Mr. Vairin opined that the deviation in the expansion joint could impede a grocery cart. He further concluded that the deviations "no longer served a useful purpose and need to be cut out and

replaced." However, during his deposition, Mr. Vairin acknowledged that he did not physically inspect the ramp at Lakeview Grocery Store and solely relied on the photographs, not taken by him, as the basis for his opinion. He also conceded that he had no reason to disagree with the findings of Mr. Vanderbrook. Thus, there was no dispute between the findings of Mr. Vanderbrook and Mr. Vairin. Mr. Guilbeaux did not submit any other evidence, or retain any other specialist, to establish that the deviation in the expansion joint created an unreasonable risk of harm. As previously noted, minor deviations in a sidewalk do not present an unreasonable risk of harm. *Reagan*, 2015-1662, p. 1, 184 So.3d at 668.

Additionally, the granting of summary judgment has been applied to similar cases based upon a finding that a minor deviation in an expansion joint does not necessarily create an unreasonable risk of harm. *See Id*.; *Jenkins v. Doucet*, 2014-0879, p. 1 (La. 6/30/14), 145 So.3d 349, 350. In denying defendants' first motion for summary judgment, the trial court determined the opportunity for Mr. Guilbeaux to conduct additional discovery was warranted. However, only defendants conducted additional discovery which included retaining Mr. Vanderbrook and deposing Mr. Vairin. Defendants argue that the report by Mr. Vanderbrook and testimony of Mr. Vairin bolstered their assertion that the deviation in the expansion joint did not create an unreasonable risk of harm. Based on the record before this Court, reasonable persons could only reach one conclusion; and there is no need for a trial on whether the deviation in the expansion joint created an unreasonable risk of harm. We find Mr. Guilbeaux has not established that a defect existed in the expansion joint on the ramp. Thus, summary judgment is appropriate as Mr. Guilbeaux cannot meet his burden of proof under La. R.S. 9:2800.6. Having determined that Mr. Guilbeaux has not met

11

his burden of proof in establishing the existence of an unreasonable risk of harm on the ramp, we pretermit further discussion of the remaining elements of La. R.S. 9:2800.6.

## **Conclusion**

Mr. Guilbeaux has not demonstrated that an unreasonable risk of harm existed on the ramp in front of Lakeview Grocery Store. Therefore, we find that as a matter of law, he has failed to raise a genuine issue of material fact which would have precluded the granting of summary judgment. As such, the judgment of the trial court is affirmed.

## **Decree**

For the foregoing reasons, we affirm the judgment of the trial court granting defendants' motion for summary judgment.

**AFFIRMED**