MADELEINE M. LANDRIEU, Judge.
[iThe defendant, Mr. Jack Tittle, appeals the trial court’s granting of Mrs. Barbara Diecidue’s motion for partial summary judgment on the issue of Mr. Tittle’s liability for legal malpractice. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.
FACTS AND PROCEEDINGS BELOW
The plaintiffs husband, Mr. Ladner “Pat” Barberot, died on April 5, 2007. During his lifetime, Mr. Barberot executed at least three wills, all of which were drafted by Mr. Tittle and were executed by Mr. Barberot in the presence of Mr. Tittle. In each will, Mrs. Diecidue is named the executrix of the estate.
After Mr. Barberot’s death, Mrs. Dieci-due attempted to probate the latest of these testaments, dated February 7, 2007, in the 22nd Judicial District Court in St. Tammany Parish. On June 16, 2009, Mr. Barberot’s son by a prior marriage, Bryan Barberot, filed a petition to annul the testament. Mrs. Diecidue filed a motion for summary judgment in the St. Tammany Parish proceeding seeking to dismiss Mr. Barberot’s petition to annul. On June 15, 2010, the trial judge denied Mrs. Dieci-due’s motion for summary judgment, finding that the will was an | {.absolute nullity pursuant to Louisiana Civil Code article 1578 due to fatal defects in form and execution. Mrs. Diecidue did not seek review of this judgment. Rather, she filed for probate of an earlier will, one executed by Mr. Barberot in 2001, in the 22nd Judicial District Court. This 2001 will and the February 7, 2007 will are substantially the same except for the disposition of Mr. Barberot’s ownership of the Jefferson Orleans North, a venue for wedding receptions and other similar events.[1]
On October 21, 2009, Mrs. Diecidue filed the instant legal malpractice action against Mr. Tittle in Orleans Parish Civil District Court alleging that he was negligent in his preparation and the execution of the February 7, 2007 will and that this negligence caused her damages. She contends in her lawsuit that her damages are the difference between what she would have received under the February 7, 2007 will and that which she will ultimately receive pursuant to the 2001 will in the succession proceeding pending in St. Tammany Parish.
In the malpractice action, Mr. Tittle filed an exception of peremption claiming that Mrs. Diecidue instituted her lawsuit more than one year after she knew or should have known that the February 7, 2007 will was invalid. Mrs. Diecidue filed an opposition to this motion and filed a motion for partial summary judgment on the issue of liability. These matters both came for hearing on the same day before the trial court. After the hearing the trial judge denied the exception of peremption. The court then granted the motion for partial summary judgment, finding that no material issue of fact existed as to Mr. Tittle’s liability for legal malpractice in connection with the drafting of the February 7, 2007 will.
*? |3Mr. Tittle filed both a writ application and the instant appeal seeking review of the granting of the motion for partial summary judgment. He did not raise the trial court’s denial of his exception of peremption as an issue on appeal. However, on January 7, 2013, Mr. Tittle filed an exception of peremption directly with this court, contending that the exception can be raised at any stage of the proceedings, including the appellate level, pursuant to Louisiana Code of Civil Procedure article 2163.
JURISDICTION
Prior to considering the merits of the issues raised by Mr. Tittle, we must determine whether this court has jurisdiction to consider the appeal.
As previously stated, Mr. Tittle filed both an application for supervisory review and an appeal from the trial court’s granting of Mrs. Diecidue’s motion for partial summary judgment on the issue of liability. In denying the writ application on July 27, 2012, this court found that the trial court did not err in granting the plaintiffs motion for summary judgment.[2]
This court generally considers an application for supervisory review only when the ruling of the lower court is not final. Thus, although not raised by the parties, we first consider whether the trial court’s judgment is final, as only final judgments are appealable. See La. C.C.P. art. 2083.
Louisiana Code of Civil Procedure article 1915(A) provides, in pertinent part:
14A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
⅜ * *
(3)Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
* ⅜ *
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
Here, the motion for partial summary judgment was granted as to the liability of Jack Tittle for legal malpractice pursuant to Louisiana Code of Civil Procedure article 966(E), leaving only the issue of damages to be tried. Therefore, by virtue of the literal language of Louisiana Code of Civil Procedure article 1915(A)(3), the judgment is not immediately appealable in the absence- of a designation of finality pursuant to art. 1915(B). In Crescent City Physicians, Inc. v. Desse, 2004-1280 (La.10/1/04), 883 So.2d 963, the Louisiana Supreme Court reversed this court and dismissed the appeal of a partial summary judgment on the issue of liability. In his concurrence, Chief Justice Calogero noted that La. C.C.P. art. 1915(A)(5) “is not applicable in this case because the issue of *1146 liability was not tried separately by the court...Instead, the trial court granted a partial summary judgment on the liability issue pursuant to ... art. 966(E).” Id. (Calogero, C.J., concurring).
1 ¿Accordingly, we find that absent a designation of finality pursuant to Louisiana Code of Civil Procedure 1915(B), the partial summary judgment rendered by the trial court on the issue of liability is not appealable. Because we lack jurisdiction, we dismiss the instant appeal.[3]
CONCLUSION
For the reasons stated, the appeal is dismissed.
APPEAL DISMISSED.

. In the 2007 will, Mr. Barberot bequeaths a 25% interest in the sale of the stock or the assets of the Jefferson Orleans North to Mrs. Diecidue; in the 2001 will, he does not bequeath any interest in this asset to Mrs. Dieci-due.

. See Diecidue v. Tittle, 2012-0474 (La.App. 4 Cir. 7/27/12) (unpub). We note that "our denial of a writ application, regardless of the reasons assigned for the denial, has no prece-dential value and is a mere statement that the court is declining to review the issues addressed at that time. The relator-in-writ may again raise the issue on appeal." State v. Davis, 2009-0438, p. 19 (La.App. 4 Cir. 1/13/10), 30 So.3d 201, 211; see also: State v. Williams, 00-1725, p. 4 n. 3 (La. 11/28/01), 800 So.2d 790, 795; St. Tammany Manor, Inc. v. Spartan Building Corp., 509 So.2d 424, 428 (La.1987).

. Because we lack appellate jurisdiction, we also lack authority to consider the exception of peremption.