NABORS OFFSHORE CORPORATION

v.

CATERPILLAR INC. et al

NO. 2016–CA–0003

Court of Appeal of Louisiana,
Fourth Circuit.

NOVEMBER 30, 2016

Timothy W. Hassinger, Thomas J. Smith, GALLOWAY JOHNSON TOMPKINS BURR & SMITH, Three Sanctuary Boulevard, 3rd Floor, Mandeville, LA 70471, Philip F. Cossich, Jr., Darren D. Sumich, Brandon J. Taylor, COSSICH SUMICH PARSIOLA & TAYLOR, 8397 Highway 23, Suite 100, Belle Chasse, LA 70037, COUNSEL FOR PLAINTIFF/APPELLEE/NABORS OFFSHORE CORPORATION, ET AL

Anthony J. Staines, Craig W. Brewer, Jeff D. Peuler, Ashley E. Boyd, James A. Crouch, Jr., STAINES & EPPLING, 3500 North Causeway Boulevard, Suite 820, Metairie, LA 70002, COUNSEL FOR PLAINTIFF/APPELLEE/SUPERIOR DERRICK SERVICES, LLC

David J. Bourgeois, Andrew D. Weinstock, Kevin R. Derham, DUPLASS ZWAIN BOURGEOIS PFISTER & WEINSTOCK, 3838 North Causeway Boulevard, Suite 2900, Metairie, LA 70002, COUNSEL FOR DEFENDANT/APPEL-

LANT/ST. PAUL FIRE & MARINE INSURANCE COMPANY, ET AL

Colvin G. Norwood, Mark N. Bodin, Brian M. LeCompte, McGLINCHEY STAFFORD, PLLC, 601 Poydras Street, 12th Floor, New Orleans, LA 70130, COUNSEL FOR DEFENDANT/APPELLANT/CATERPILLAR, INC.

(Court composed of Judge Dennis R. Bagneris, Sr., Judge Max N. Tobias, Jr., Judge Daniel L. Dysart, Judge Madeleine M. Landrieu, Judge Sandra Cabrina Jenkins)

Judge Max N. Tobias, Jr.

Caterpillar Inc. ("Caterpillar") appeals a final judgment of 20 July 2015 denying its motion for new trial relating to a 29 January 2015 judgment that granted a motion for summary judgment in favor of Superior Derrick Services, L.L.C. ("Superior"), and dismissing Caterpillar's third-party demand for contribution against Superior with prejudice. Mustang Power Systems, a division of Mustang Machinery Company, Ltd. d/b/a/ Mustang Cat ("Mustang"), appeals a final judgment of 6 July 2015 granting the motion for summary judgment of Superior, dismissing Mustang's cross claim against it for contribution with prejudice. St. Paul Fire and Marine Insurance Company ("St. Paul"), appeals a final judgment rendered on 14 July 2015 granting Superior's exception of no cause of action and dismissing St. Paul's cross claim against it for contribution with prejudice. No written reasons for judgment were issued for any of the appealed judgments.[1] For the reasons that follow, we vacate the orders of appeal granted in this case, without prejudice, and remand the entire matter to

---

1. The judgments were certified as final and immediately appealable pursuant to La. C.C.P. art. 1915.

the trial court for further proceedings in accordance with this opinion.

This lawsuit arises out of an engine-room fire causing extensive damage aboard Nabors Office Corporation's ("Nabors") drilling barge, the BR–100, while the BR–100 was operating and navigating in the inland waters of Louisiana. Superior, pursuant to its various contracts entered into with Nabors, agreed to fabricate and construct the BR–100. Thereafter, Nabors separately contracted with Mustang for the purchase of three diesel engines or generator sets, manufactured by Caterpillar, for use on Nabors' vessel. The engines were ultimately installed on the BR–100 built by Superior. In July 2007, after the BR–100 was put into use, a fire ignited on the barge while drilling a well near Venice, Louisiana, causing damages to the Caterpillar engines, the engine room, the crews' quarters, and other portions of the barge.

Following the fire, Nabors filed suit directly against both Caterpillar and Mustang alleging jurisdiction under the savings-to-suitors clause (28 U.S.C. § 1333) and general maritime law, claiming that a defect in the engines caused the fire and consequential losses allegedly sustained to the barge. Though Superior allegedly designed, tested, and constructed the BR–100 and all of its systems pursuant to its contract(s) with Nabors that included the installation of the barge engines manufactured by Caterpillar (for whom Mustang is a retailer), and thereafter modified/converted to marine use and sold by Mustang to Nabors, Nabors did not sue Superior directly.[2] In its fifth supplemental and amending petition filed in March 2015, Nabors added as a direct defendant, St. Paul, as the umbrella/excess insurer of Mustang.

Though Nabors did not sue Superior, Caterpillar filed a third-party demand against Superior for contribution. In response, Superior filed a motion for summary judgment seeking dismissal of Caterpillar's claim for contribution arguing that no duty existed between Superior and Caterpillar for which Caterpillar could procedurally maintain a third-party demand against Superior under maritime law. Additionally and alternatively, Superior argued that its contract with Nabors precluded Caterpillar from asserting claims for contribution against it. Superior's motion came for hearing on 10 November 2014. Following oral argument by the parties, the trial court took the matter under advisement.

On 29 January 2015, the trial court rendered judgment granting Superior's motion for summary judgment dismissing Caterpillar's third party demand against it,

---

**2.** Nabors and Superior entered into a master service agreement ("MSA") whereby Superior agreed to perform work for Nabors pursuant to specific work orders. Subsequently, in September 2006, Nabors and Superior executed a fabrication and construction contract ("FCC") for the fabrication and construction of the BR–100. Pursuant to the FCC, Superior agreed to provide Nabors with the labor, services, materials, facilities and equipment necessary to construct, assemble, and complete the BR–100. The MSA and the FCC in effect between Nabors and Superior govern the rights and obligations vis-à-vis one another for damage claims resulting from or arising out of the contract(s). Specifically, the MCA and the FCC each contain identical provisions limiting the liability of both parties, to wit:

> NEITHER PARTY SHALL BE LIABLE TO THE OTHER FOR SPECIAL, INDIRECT OR CONSEQUENTIAL DAMAGES RESULTING FROM OR ARISING OUT OF THIS CONTRACT, INCLUDING, WITHOUT LIMITATION, LOSS OF PROFIT OR BUSINESS INTERRUPTIONS, HOWEVER SAME MAY BE CAUSED.

These limitation of liability clauses preclude Nabors from seeking consequential (and other specified) damages from Superior for the losses occasioned to the BR–100 as a result of the fire.

with prejudice, on the basis that Superior owed no duty to Caterpillar under either general maritime or Louisiana law and, consequently, Caterpillar had no cause of action against Superior for contribution. On 5 February 2015, Caterpillar filed a notice of intent to seek supervisory writs of review of the 29 January 2015 judgment, and then, on 10 February 2015, filed a motion to amend the judgment or, alternatively, for a new trial and a request for written reasons. Subsequently, on |₄27 February 2015, Caterpillar filed an application for supervisory writs of review from the 29 January 2015 judgment with this court. While the writ application was still pending, Caterpillar's motion for new trial came for hearing before the trial court on 6 April 2015 and the trial court orally granted it. The trial court also ordered additional briefing by the parties to be submitted within ten days. Prior to the expiration of the ten days, however, on 9 April 2015 this court denied Caterpillar's writ application declining to exercise its supervisory jurisdiction finding "no error in the judgment of the trial court."[3] Following a subsequent hearing held on 6 July 2015 and after taking the matter un-

der advisement, the trial court issued a written judgment on 20 July 2015: (1) reversing its prior oral ruling granting Caterpillar's motion for new trial; (2) denying Caterpillar's motion to amend the 29 January 2015 judgment or, alternatively, motion for new trial on Superior's motion for summary judgment and request for written reasons; and (3) certifying the judgment as final.[4]

|₅The trial court apparently read our denial of the writ application as an affirmation of its original decision granting Superior's motion for summary judgment. However, a denial of a writ application is of no precedential value, regardless of the reasons assigned. That is, a writ denial is not precedential for any purpose; it is merely a statement that the court is declining to exercise its supervisory jurisdiction to review the issues addressed at that time. *Lake Air Capital II, LLC v. Perera*, 15–0037, p. 7 (La.App. 4 Cir. 5/13/15), 172 So.3d 84, 88; *Diecidue v. Tittle*, 12–0903, p. 3 n. 2 (La.App. 4 Cir. 8/14/13), 122 So.3d 1143, 1145; *State v. Davis*, 09–0438, p. 19 (La.App. 4 Cir. 1/13/10), 30 So.3d 201, 211; *Arceneaux v. Amstar Corp.*, 06–1592, p. 20

**3.** *Nabors Offshore Corp. v. Caterpillar, Inc.*, 15–0203, unpub. (La. App. 4 Cir. 4/9/15).

**4.** Prior to the trial court's ruling on Superior's summary judgment motion against Caterpillar, Mustang filed a cross-claim against Superior asserting an identical claim for contribution as Caterpillar had against Superior. In response, Superior filed a motion for summary judgment seeking dismissal of Mustang's cross-claim for contribution urging the same arguments it set forth in its motion seeking dismissal of Caterpillar's claim for contribution. Superior's motion against Mustang came for hearing on 16 March 2015 and was taken under advisement. On 6 July 2015, the trial court issued judgment granting Superior's motion for summary judgment against Mustang dismissing its cross-claim for contribution against it, with prejudice, on the basis that Superior "owes no duty to Mustang Cat under either Louisiana or mari-

time law such that Mustang Cat has a cause of action for contribution." The judgment was designated as final for purposes of appeal under La. C.C.P. art. 1915 B. Additionally, on 28 May 2015, Superior filed an exception of no cause of action against St. Paul on the basis that its cross-claim failed to state a cause of action against it for contribution. Thereafter, the trial court issued judgment on 14 July 2015 granting Superior's exception of no cause of action dismissing St. Paul's cross-claim for contribution, with prejudice, and likewise designated the judgment as final for purposes of appeal pursuant to La. C.C.P. art. 1915 B. Caterpillar, Mustang, and St. Paul, respectively, filed the instant appeals seeking review of the 20 July 2015, 6 July 2015, and 14 July 2015 judgments dismissing their respective claims for contribution against Superior.

(La. App. 4 Cir. 969 So.2d 755, 771; *State v. Williams*, 00–1725, p. 4 n. 3 (La. 11/28/01), 800 So.2d 790, 795; *St. Tammany Manor, Inc. v. Spartan Building Corp.*, 509 So.2d 424, 428 (La. 1987). In general, the denial of supervisory writs does not bar a different conclusion or reconsideration of the same issue argued in the writ application when an appeal is taken from a final judgment. *Id.*; *Levine v. First Nat. Bank of Commerce*, 06–394, p. 6 n. 4 (La. 12/15/06), 948 So.2d 1051, 1056; *East Baton Rouge Parish School Bd. v Wilson*, 08–0536, p. 10 (La.App. 1 Cir. 6/6/08), 992 So.2d 537, 543; *Diamond B Construction Co., Inc. v. Department of Transp. and Development*, 02–0573, p. 7 (La.App. 1 Cir. 2/14/03), 845 So.2d 429, 434. And the granting of a supervisory writ does not necessarily bar a different conclusion or reconsideration of the same issue when an appeal is taken, although the granting of a supervisory writ in the appropriate case might have more weight.

In reversing his prior granting of Caterpillar's motion for new trial on the basis of this court's writ denial, the trial judge misinterpreted our denial as an affirmation of his granting of Superior's motion for summary judgment dismissing Caterpillar's claim for contribution against it. Our denial of Caterpillar's writ application was not an affirmation of anything; it was merely a statement that we were declining to exercise our supervisory jurisdiction. Specifically, any language contained in a writ denial purporting to find no error in the trial court's judgment is without effect and had no bearing whatsoever as to the merits, or lack thereof, of Caterpillar's claim against Superior for contribution.[5]

Admittedly, this court added to the trial court's misinterpretation because technically the judgment upon which the writ application was taken was a final, appealable judgment.[6] *See* La. C.C.P. art. 1915 A. If we had dismissed Caterpillar's writ for want of jurisdiction and noted that the judgment was appealable, then the trial court would have clearly understood that it could have proceeded with ruling upon the motion for new trial. From that decision, the parties could have then appealed any final judgment.[7]

Because of the procedural errors in this case, the trial court has been effectively prevented and discouraged from deciding the merits of Caterpillar's motion for new trial. In the interests of justice and the expeditious determination of the merits of this case, we dismiss the current appeals

---

5. Although reasons may be given for the denial of a writ application, such reasons are nothing more than the appellate panel's view of the matter on the limited showing of the relator therein, and any response file by a respondent to the writ. That is, the full appellate record is not before the court of appeal when deciding a writ application and the decision on the writ application is totally dependent upon what the parties show this court. The quality and/or correctness of that decision is substantially dependent upon the parties' compliance with Rule 4 (and especially, Rule 4–5) of the Uniform Rules of the Courts of Appeal. In the same sense, a decision on appeal is substantially dependent upon on the appellate record designated by the parties in accordance with La. C.C.P. art. 2128. (By way of example, the original petition of Nabors is not part of the record on appeal presently before us, which makes our review difficult if not impossible to render a correct decision.)

6. The more appropriate action for this court to have taken would have been to dismiss Caterpillar's writ, holding that the judgment was appealable or alternatively denying the writ for want of appropriate jurisdiction at that point. *See* La. Const. art. V, § 10(A).

7. Notably, La. C.C.P. art. 2087 D states that "[a] order of appeal is premature if granted before the court disposes of all timely filed motions for new trial...."

without prejudice and remand the case to the trial court for a ruling on the merits of Caterpillar's motion for new trial. *See State v. Sadeghi*, 16–0993, p. 1 (La. 6/28/16), 194 So.3d 611.[8] At a hearing on the motion for new trial, the trial judge might consider such matters, including, but not limited to: whether a new trial should be granted; who or what parties must be placed on the jury verdict form; and whether the summary judgment is properly granted or denied and what effect does such a ruling have on whether future litigation between some of the parties might be required. From the trial court's decision on the motion for new trial, a party may then appeal any final judgment or seek supervisory review of any interlocutory judgment.

**APPEALS VACATED WITHOUT PREJUDICE; REMANDED.**

DYSART, J., CONCURS FOR THE REASONS SET FORTH BY JUDGE LANDRIEU.

LANDRIEU, J., CONCURS WITH REASONS

JENKINS, J., CONCURS IN THE RESULT

LANDRIEU, J., CONCURS WITH REASONS

Appellate courts exercise, or decline to exercise, supervisory jurisdiction with respect to interlocutory judgments. Final judgments, however, are appealable and are therefore reviewed by the exercise of appellate jurisdiction. See La. C.C.P. art. 2083; *In re Succession of Scheuermann*, 2015–0040, pp. 2–3 (La.App. 4 Cir. 5/22/15), 171 So.3d 975, 977–78. As the Louisiana Supreme Court has held: "[I]t is a mistake

to seek review of a final judgment by supervisory writ rather than by appeal. *Douglass v. Alton Ochsner Med. Found.*, 96–2825, p. 4 (La. 6/13/97), 695 So.2d 953, 956 (quoting *In re Howard*, 541 So.2d 195, 197 (La. 1989)). In this case, the trial court's granting of Superior's motion for summary judgment is a final appealable judgment pursuant to La. C.C.P. art. 1915 A.

Rather than taking an immediate appeal, however, counsel for Caterpillar filed an application for supervisory writs. I write separately to point out that we contributed to the procedural quagmire of this case by denying the writ rather than dismissing it on procedural grounds. Another procedural misstep occurred when the trial court misinterpreted our writ denial, in which we said there was "no error in the judgment of the trial court." The record before us reveals that upon receiving this writ disposition, the trial court considered it to be an affirmation of his earlier judgment and therefore reversed his prior granting of Caterpillar's ₂motion for new trial from that judgment. As the majority correctly notes, the denial of a writ application has no precedential value. *Diecidue v. Tittle*, 2012–0903, p. 3, n. 2 (La.App. 4 Cir. 8/14/13), 122 So.3d 1143, 1145. When an appellate court denies a writ application, it has declined to exercise its supervisory jurisdiction and is therefore without authority affirm, reverse or modify the judgment of the trial court. *Bulot v. Intracoastal Tubular Servs., Inc.*, 2002–1035, p. 1 (La. 6/14/02), 817 So.2d 1149.

As the result of multiple procedural missteps in this case, the trial court was effectively precluded from addressing the merits of the issues raised in the motion for

---

**8.** As the Supreme Court said in *State*, "[g]iven the unique posture in which this case presents itself, . . . we exercise our plenary, supervisory jurisdiction, vacate the judgment of the [trial] court . . . , and remand this case to the district court . . . for the issue to be fully litigated."

new trial. Accordingly, I concur in the remand.