| | | |
|---|---|---|
| **RTV REAL ESTATE HOLDING, LLC** | * | **NO. 2024-CA-0811** |
| | * | |
| **VERSUS** | * | **COURT OF APPEAL** |
| | * | |
| **TITLE DEPOT OF LOUISIANA, INC. A/K/A TITLE DEPOT AND ANDREW JOFFEE** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-09803, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Tiffany Gautier Chase, Judge Dale N. Atkins, Judge Rachael D. Johnson)

Michael G. Bagneris
BAGNERIS PIEKSEN & ASSOCIATES, LLC
935 Gravier Street, Suite 2110
New Orleans, LA 70112

        COUNSEL FOR PLAINTIFF/APPELLANT

Salvador I. Bivalacqua
GRIFFIN & BIVALACQUA, LLC
650 Poydras Street
Suite 2615
New Orleans, LA 70130

        COUNSEL FOR DEFENDANT/APPELLEE

                    **VACATED AND REMANDED**
                    **SEPTEMBER 9TH, 2025**

Appellant, RTV Real Estate Holdings, LLC ("RTV"), appeals the trial court's March 27, 2024 judgment, granting Appellee, Title Depot of Louisiana, Inc. a/k/a Title Depot and Andrew Joffee's ("Title Depot"), peremptory exception of prescription. After a review of the record, we vacate the trial court's ruling and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

In September 2014, RTV purchased commercial immovable property from Patrick Place East, LLC ("Patrick Place"). Title Depot, the closing agent for the transaction, sold title insurance to RTV. Commonwealth Land Title Insurance Company ("Commonwealth") issued the title insurance policy to RTV. After purchasing the property from Patrick Place, RTV sought financing from First National Bank of Commerce ("FNBC") to develop the property. RTV was unable to obtain financing for improvements on the property after FNBC questioned whether there was clear title to the property. On March 18, 2015, after failing to obtain financing from FNBC, RTV made a claim with Commonwealth on the title insurance policy alleging a title defect. Commonwealth's policy gave it the right to either pay the policy amount of $200,000 to RTV, or resolve the title dispute

1

through litigation against RTV for denial of coverage. Commonwealth chose the latter and on July 23, 2015, Commonwealth filed a quiet title action. On May 26, 2017, Commonwealth obtained a judgment quieting title on behalf of RTV.

RTV filed a petition for damages against Title Depot on September 30, 2016, alleging that Title Depot failed to discover or disclose the alleged title defect. RTV also filed a motion for partial summary judgment on liability against Title Depot on March 20, 2019. On August 21, 2019, RTV's motion for partial summary judgment was granted. Title Depot filed a motion for new trial on August 29, 2019, and the trial court denied this motion on September 12, 2019. Title Depot timely filed their supervisory writ with this Court, seeking review of the trial court's judgment denying the motion for new trial. On November 4, 2019, this Court denied Title Depot's writ application.

Soon after, Covid-19 impacted court proceedings and multiple continuances were made. On March 27, 2024, Title Depot with new counsel, filed an exception of prescription. Title Depot argued that RTV knew of the alleged title defect on or before March 18, 2015, and its claims were preempted on September 30, 2016. The exception of prescription was granted on August 23, 2024, and signed on August 27, 2024. RTV timely filed a notice of appeal.

On appeal, RTV raises the following assignments of error: (1) the trial court failed to recognize that Title Depot was prohibited from making a collateral attack on RTV's partial summary judgment; (2) the trial court failed to properly apply Louisiana Revised Statute 9:5606; (3) the trial court failed to recognize fraudulent conduct by Title Depot; (4) the trial court failed to recognize that RTV had three years to file a lawsuit in this matter; and (5) the trial court failed to recognize that RTV timely filed its lawsuit within one year.

2

## STANDARD OF REVIEW

This Court outlined the standard of review for a judgment granting peremptory exception in *Scott v. Zaheri*:

> A judgment granting a peremptory exception is generally reviewed *de novo*, because the exception raises a legal question. When evidence is introduced and evaluated at the trial of a peremptory exception, we must review the entire record to determine whether the trial court manifestly erred with its factual conclusions. The standard of review of a trial court's finding of facts supporting prescription is that the appellate court should not disturb the finding of the trial court unless it is clearly wrong. The standard controlling our review of a peremptory exception of prescription also requires that we strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished.

*Scott v. Zaheri*, 14-0726, p. 8 (La. App. 4 Cir. 12/3/14), 157 So. 3d 779, 785 (internal citations omitted).

## DISCUSSION

Before discussing the assignments of error raised in this appeal, we must first determine whether an exception of prescription can be raised after a court has granted a partial summary judgment determining liability. The Louisiana Code of Civil Procedure classifies an exception of prescription as a peremptory exception in Article 927(A)(1). "The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision…." La. C.C.P art. 928(B). The case is considered submitted for a decision when it passes from the control of the parties and their attorneys. *Goal Props., Inc. v. Prestridge,* 2024-681, p. 5 (La. App. 3 Cir. 6/25/25), ___ So. 3d ___, ___, 2025 WL 1749577, at *5 (citing *O'Hara v. City of New Orleans,* 30 LA. Ann. 152-53 (La. 1878)). An exception of prescription raised by a defendant after trial cannot be considered by the trial court. *Id.* However, Louisiana Code of Civil Procedure Article 2163(A) provides that "[t]he appellate court may consider a peremptory

3

exception filed for the first time in that court if the exception is pleaded prior to a submission of the case for a decision and if proof of the ground of the exception appears of record." Further, if the peremptory exception pleaded is prescription, "the plaintiff may demand that the case be remanded to the trial court for trial of the exception." La. C.C.P. art. 2163(B).

In the case *sub judice*, RTV initially filed its claim against Commonwealth, arguing that it may pursue a claim for damages against Commonwealth as Title Depot's insurer during the Patrick Place real estate transaction. RTV asserted that Commonwealth should be liable for damages for failure to discover the title defect related to the property sold to RTV. However, Commonwealth, as insurer, did not issue the policy to Title Depot. Instead, the named insured under the policy was RTV. As the named insured, RTV submitted a claim to Commonwealth and in response, Commonwealth accepted that claim and filed a separate quiet title action on behalf of RTV. The trial court issued a final judgment, determining that Commonwealth cured the title defect and quieted RTV's title to the property at issue. In January 25, 2019, Commonwealth filed a motion for summary judgment, alleging that it satisfied all of its obligations under the title policy issued to RTV. The trial court agreed and granted Commonwealth's motion for summary judgment on March 22, 2019, finding that Commonwealth was not liable for any damages claimed by RTV.

RTV filed its motion for partial summary judgment on liability on March 20, 2019. And, the motion for partial summary judgment came for hearing on August 16, 2019. RTV argued that Commonwealth's motion for summary judgment presented arguments and evidence in support of its motion for summary judgment on liability. It argued that Commonwealth's assertions that it had to file a lawsuit

to cure the title defect on the property supports RTV's position that there are no genuine issues of material fact as it relates to liability and summary judgment against Title Depot was appropriate. As previously noted, the trial court granted RTV's summary judgment against Title Depot on August 21, 2019. Almost five years later, Title Depot filed its exception of prescription. Title Depot had sufficient time between September 30, 2016 – the initial filing of the lawsuit, and August 16, 2019 – the hearing on the motion, to file its exception of prescription claim with the trial court. Once the case was submitted after the hearing, the case was passed from the control of the parties and their attorneys to the trial court. As such, we find that the exception of prescription could not be raised with the trial court. It must have been raised in an appeal or supervisory writ with this Court.

To determine whether the exception of prescription should have been brought to this Court as a writ or an appeal turns on whether the trial court issued its judgment on liability as a final judgment or an interlocutory judgment. Louisiana Code of Civil Procedure Article 1915 provides the procedural directive for this circumstance. La. C.C.P. art. 1915 mandates, in relevant part:

> A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
> …
> (3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
> …
> (5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
> …
> B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party,

whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

In *Emery v. Ben*, this Court faced a scenario where a motion for partial summary judgment was granted as to liability of the Defendant. 2023-0063, p. 3 (La. App. 4 Cir. 9/28/23), 373 So. 3d 112, 115. This Court found that the partial summary judgment was not immediately appealable because the partial summary judgment was granted pursuant to La. C.C.P. art. 966(E)[1] and the judgment lacked a designation of finality pursuant to La. C.C.P. art. 1915(B). *Id.*, 2023-0063, at p. 6, 373 So. 3d at 117; *See also Auto. Experts, LLC v. Joe Johnson, Inc.,* 17-0664, pp. 2-3 (La. App. 4 Cir. 12/13/17), 234 So.3d 1004, 1005-1006 (*quoting Diecidue v. Tittle*, 12-0903, pp. 4-5 (La. App. 4 Cir. 8/14/13), 122 So.3d 1143, 1145-46). The partial summary judgment was granted pursuant to La. C.C.P. art. 966(E). The partial summary judgment is only subject to appeal if there is express determination from the trial court that "the judgment is a final appealable judgment and that there is no just cause for delay", pursuant to La. C.C.P. art. 1915(B)(1). *Id.* In *Emery*, the Court found that the trial court's judgment was not final because it did not comply with La. C.C.P. art 1915(B)(1) because it lacked this express determination. *Id.*

---

[1] La. C.C.P. art. 966(E) states that "[a] summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties."

Based on the foregoing, we find the same in the case *sub judice*. The partial summary judgment was granted pursuant to La. C.C.P. art. 966(E). Further, the trial court did not designate the partial summary judgment as a final judgment because it did not include an express determination that the judgment was a final appealable judgment and that there was no just cause for delay. As such, the trial court's summary judgment on liability is an interlocutory judgment.

Although Title Depot could not raise the issue of exception of prescription on appeal, it could have been raised it as a supervisory writ. According to Rule 4-3 of the Uniform Rules, Courts of Appeal, Title Depot would have had to file its supervisory writ application within 30 days of the notice of signing of judgment. Accordingly, Title Depot needed to file its writ application on or before September 20, 2019, to be able to raise the exception of prescription with this Court. RTV's assignments of error are pretermitted as moot.

## DECREE

We vacate the trial court's judgment granting Title Depot's peremptory exception of prescription and remand for further proceedings.

**VACATED AND REMANDED**